Wanamaker, J.
The prosecuting attorney of Muskingum county, Ohio, brought an action before a justice of the peace of that county, against W. A. Maharry,.a contractor, alleging that said contractor had constructed a bridge for the county and had received $18.30 in excess of the amount due him. The action was brought in the short form provided for by Section 286 and succeeding sections of the General Code, which are a part of the chapter governing the bureau of public accounting.
The petition or bill of particulars before the justice of the peace was in the short form provided for in Section 286-1, the pertinent part of which reads as follows:
“The civil actions provided for in section 286 of the General Code may be entertained, heard and determined by any 'Court having jurisdiction of the amount involved * * *. In any such action it shall be sufficient for the plaintiff to allege in the petition so much of the report of the bureau of inspection and supervision of public offices as relates to the claim against the defendant therein and that the amounts claimed against the defendant are unpaid, and it shall not be necessary in such petition separately to state and number any separate causes of action, the findings of such report, upon whatever claims or circumstances based, being con *274 sidered for that purpose as constituting a single cause of action; nor shall the plaintiff be required to set forth in the petition any other or further matter relating to such claims. A certified copy of any portion thereof, shall constitute prima facie evidence of the truth of the allegations of the petition.”
The defendant in error claims:
1. That the statute is unconstitutional in so far as it makes the certified copy of the bureau of public accounting prima facie evidence of the truth of the allegations of the petition.
2. That, if it be constitutional, it applies only to a public officer, or one who claimed the money or property as a public officer, and that it has no application against contractors or other persons dealing generally with the public.
3. That the petition was insufficient even under the statute in that (a) the action was not brought in the name of some political subdivision, that is, in this case, in the name of Muskingum county, and (b) that the petition did not set out facts sufficient to constitute a cause of action, especially in this, fo-wit, that the petition did not state the number of cubic yards as to which an overcharge was made.
In the hearing before the court of appeals the court held the statute to be constitutional, but that it did not contemplate or include actions against others than public officers; in short, that no action under this statute could be brought against contractors or other private persons or corporations.
The presumption of constitutionality in favor of these provisions of the statute in question is re *275 enforced by the fact that legislatures in the exercise of their power touching legal procedure have enacted again and again that certain facts or findings shall constitute a prima facie case, or shall be prima, facie evidence of certain controversial facts, and such statutes, especially where they pertain only to civil matters, have been uniformly upheld by the courts as constitutional. In the case of Hammond v. State, 78 Ohio St., 15, where the Valentine antitrust law was under consideration, this court held certain provisions of Section 4427-6, Revised Statutes, by which it was enacted that “The character of the trust or combination alleged may be established by proof of its general reputation as such,” to be unconstitutional.
The judge rendering the opinion in the case conceded “that within proper constitutional limits, the legislature has the general power to prescribe rules of evidence and methods of proof — to determine what may or may not be competent evidence in a particular case —and, with certain qualifications, has perhaps the power to enact and prescribe that in criminal prosecutions certain facts, when duly established, shall be held to be presumptive or prima facie evidence of guilt.”
In this case the statute merely provides that “A certified copy o,f any portion thereof [the report of the bureau of public accounting as referred to in the petition] shall constitute prima facie evidence of the truth of the allegations of the petition.” It does not provide that this, the prima facie evidence of the indebtedness of the defendant to the political subdivision in whose behalf suit is *276 brought, shall be a prima facie case against the defendant.
Suppose Muskingum county had refused to pay the claim when it was presented. It would then be incumbent upon the contractor to bring his suit, and he would have the burden of proving his claim and showing by a preponderance of all the evidence in the cause that the county was indebted to him in the amount claimed, or a part thereof, before he could recover. Under this statute he has no greater burden of proof than he would have had had he himself brought the suit. The statute is a most efficient policeman in safeguarding public property and public funds.
We hold the statute to be constitutional.
The more serious question arises as to the scope of the statute. It clearly applies to public officers. Does it likewise afford a remedy against the public generally? This is a remedial statute, that is, it furnishes a remedy, and remedial statutes are to be liberally construed in order to effect their manifest purpose.
What is the paramount purpose of these statutes ? It is to protect and safeguard public property and public moneys. Finally we have come to regard all public property and all public moneys as a public trust. The public officers in temporary custody of such public trusts are the trustees for the public, and all persons undertaking to deal with and participate in such public trust do so at their peril; that is, the rights of the public, as beneficiaries, are paramount to those of any private person or corporation..
*277 Courts have unanimously held that any person who knows, or ought to know, that he is dealing with a trustee of a private trust, deals at his peril, and is put upon inquiry to ascertain if the action of the trustee is proper and legal. If this is the doctrine as to private trusts, with greater force of reason it should be the prevailing doctrine as to public trusts.
The pertinent part of Section 286 is as follows:
“If the report sets forth that any public money has been illegally expended or thát any public money collected has not been accounted for, or that any public property has been converted or misappropriated, within ninety days after the receipt of such certified copy of such report the attorney general or such prosecuting attorney * * * shall cause to be instituted, and each of said officers is hereby authorized and required so to do, civil actions in the proper court.”
It should be noted that the statute covers “any. public money * * * illegally expended * * * or any public property * * * converted or misappropriated.”
When either of these two facts appear, that is (a) illegal expenditure of public money or (&) any public property converted or misappropriated, then there is warrant and authority in law for bringing the action under these statutes.
But it is claimed that such actions can only be brought when the “public money” has been unlawfully paid to some officer, or when the “public property” has been unlawfully misappropriated by some public officer.
*278 These statutes do not place any such limitation upon actions brought under them. They are manifestly in the interest of conserving “public money” and “public property,” and he who wrongfully takes such “public money” or “public property” may be, and should be, sued under these statutes.
Private persons may undertake, and it is common knowledge very often do undertake* to dissipate or misappropriate public money and public property, and these statutes impose upon officers of the law the duty to bring suits to recover the same. But how can such actions be made effective unless suit is brought against the person or persons who wrongfully hold the “public property” or who have wrongfully taken the “public money?”
Manifestly the wrongful acts contemplated by this statute, that is, the wrongful taking of public money or public property, if limited only to public officers, would emasculate and destroy 95 per cent, of the virtue of the statute.
This court does not feel warranted in giving the statute such a narrow and technical construction as would paralyze this important safeguard to the protection of the public trust in more than nine-tenths of the cases arising thereunder.
But it is claimed that Section 2921, General Code, old Section 1277, Revised Statutes, is all sufficient to furnish a remedy by civil action, and that this action should have been begun under favor of that section. We grant that that section is sufficiently comprehensive to warrant the bringing of this action against the contractor, but that section is not exclusive. Evidently the legislature *279 thought it was not sufficient in the line of legal remedies, though it has been in existence nearly half a century.
The statutes pertaining to the creation and powers of the bureau of public accounting are comparatively recent and have already in many cases demonstrated their wisdom and efficiency. Public authorities have their option as to which sections they will utilize in protecting public money and public property.
The phrase “public money,’ as used in these statutes, has been before this court in State, ex rel. Maher, Pros. Atty., v. Baker, 88 Ohio St., 165, in which case this court overruled Loe v. State, ex rel., 82 Ohio St., 73, so far as it undertook to interpret this same phrase “public money.”
The statutes in question are constitutional. The petition did state a cause of action thereunder and the judgment of the court of appeals is, therefore, reversed.

Judgment reversed.

Nichols, C. J., Newman, Matthias and Johnson, JJ., concur.